RICHARD A. STROUSE et al., Appellants, v UNITED PARCEL SERVICE, Respondent. [666 NYS2d 97] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Richard

A. Strouse (plaintiff) tore his biceps while lifting a box that he brought to a customer service center of defendant, United Parcel Service, for shipment. It is uncontroverted that an employee of defendant, having been informed by plaintiff that the box weighed as much as 130 pounds, directed plaintiff to put it on a counter scale for lighter packages. The employee then directed plaintiff to move the box to a floor scale. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint on the ground that the sole proximate cause of plaintiff's injury was plaintiff's failure to request any assistance. Plaintiff was injured while moving the box from the counter, and the risk of his injury was not so remote that it could not have been anticipated. Thus, the actions of defendant's employee may give rise to liability in tort (see, Di Ponzio v Riordan, 89 NY2d 578, 583-585). It is for the trier of fact to resolve whether it was foreseeable in the normal course of events that plaintiff would move the box from the counter without assistance after being directed to do so by defendant's employee (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 784). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.